HARRIET NELL ET AL., APPELLANTS, v. WILLIAM C. GOD-STREY, RESPONDENT.

Argued March 12, 1917—Decided March 12, 1917.

On appeal from the Bergen County Circuit Court.

For the appellants, *Nathaniel Kent* and *Gilbert Collins*.

For the respondent, *Wendell J. Wright*.

PER CURIAM.

This case presents an appeal from a judgment entered in the Bergen County Circuit Court, founded·upon a verdict for the defendant directed by the trial judge, to which direction exception was duly taken.

The action was brought by Harriet Nell and her husband, John J. Nell, for injuries alleged to have been sustained by her while a passenger in a taxicab said to have been owned by the defendant and operated and controlled by his agent.

The facts relating to the accident, which was the subject-matter of the suit, were substantially as follows:

The plaintiff Mrs. Harriet Nell, on Saturday, January 15th, 1916, and her sister Miss Josephine McGintee, went from Bogota, New Jersey, where Mrs. Nell lived, to Hackensack, and thence to New York, for the purpose of doing some shopping and visiting the family of one of her husband's employes. They left the home of the persons whom they were visiting at about one-thirty Sunday morning to catch the ferry going to Edgewater, New Jersey. They missed the two o'clock boat and were compelled to take the next boat at two forty-five A. M. When they arrived in Edgewater they found that there would be no car leaving until five o'clock. Mrs. Nell telephoned to her husband and he instructed her to hire a taxicab to take them home. She then asked an officer to get her a taxicab, and he said he would. Within ten or fifteen minutes thereafter Patrick Dowdell came with a taxicab from the Edgewater Garage, and agreed to take them to Bogota for $3. The plaintiff and her sister then entered the taxicab and were driven along the river edge for about fifteen minutes, until they came to a hill called the Fort Lee hill. When near the top of the hill the car stalled and commenced · coasting backwards, whereupon the chauffeur turned his wheel to make the car turn sideways towards the curb, and thus backed the car up against the south curb. After stopping the car he turned the front wheels facing down hill, so as to aid the gasoline, which was low, to run into the carbureter, and started to crank the machine. This he continued doing for

about ten or twelve minutes, when Mrs. Nell opened the window and asked him what the trouble was, and he said that the gasoline had run low and that the radiator was hot. While trying to crank the car it suddenly started down hill with no one at the wheel, the chauffeur trying to hold it back with his hands around the radiator. As it rapidly increased its speed, the chauffeur called to the plaintiff and her sister to jump for their lives. After the car had gone some considerable distance, the plaintiff jumped. Her head struck on the street and she was rendered unconscious, receiving more or less serious injuries.

At the conclusion of the whole case a motion was made to direct a verdict for the defendant upon several grounds, namely, that no negligence had been proved on the part of the defendant; that the negligence specified in the complaint had not been proved; that if any negligence at all appeared in the case, it was not that of the defendant; that Dowdell was not the agent of the defendant; that under the evidence, as it appeared, Dowdell was acting as the agent of the plaintiff, and that the defendant, Godstrey, was not the owner or operator of the car, or in any circumstances, under the evidence, liable for the alleged accident. Whereupon the court made the following observation:

"The point that has been troubling me all through the case is the question as to whether this driver has been acting within the scope of his authority in such a manner as to bind the defendant. That is the situation as I find it now. The burden of proof is upon the plaintiff to show by a fair preponderance of the evidence that the driver was the agent of the defendant, and, at the same time, the act performed was within the scope of his authority. That burden is upon the plaintiff to prove. That is without taking into consideration the other questions involved, of ownership or negligence. If that is disposed of in a manner negative to the plaintiff's case, all the others would fall with it."

Then, after argument by counsel for plaintiff, the court said: "The motion to direct a verdict will be granted," not

putting the decision upon any particular ground. The plaint-iff noted an exception.

We think it unnecessary to review the testimony. It is sufficient to say that we are of opinion that the case should have been submitted to the jury, as there was evidence tend-ing to show that the taxicab belonged to the defendant; that the chauffeur, Dowdell, was his agent, and that he, the chauf-feur, was negligent. It was claimed on behalf of the defend-ant that Dowdell exceeded his authority as an employe. If he did, if he violated his instructions, his authority and in-structions were not known to the plaintiff. He was ap-parently the agent of the defendant with authority to drive his taxicab for hire.

These observations dispose of the grounds upon which the motion for the direction of a verdict for the defendant was rested and the point suggested by the trial judge.

It ought, perhaps, to be stated that in the argument on the motion to direct a verdict, counsel for the plaintiff (cit-ing, but not quoting, literally, from Bennett v. Busch, 75 N. J. L. 240) said:

"If there is any evidence in the case upon any proposition upon which reasonable men might differ, or any honest man could have a difference of opinion therefrom, then the element must be submitted to the jury."

To which the judge replied:

"I don't think so. If that was the case, why, then, we have nothing in the rule that a verdict is against the weight of the evidence."

It is obvious that the trial judge failed to perceive the dis-tinction between court questions and jury questions arising from evidence. In cases where a new trial is granted because the verdict is against the weight of the evidence, the direction of a verdict at a second trial on the same or similar evidence, where a substantial conflict of testimony is present, is not justified. Conflicting testimony is always for the jury. *Dick-inson* v. *Erie Railroad Co.*, 85 N. J. L. 586. See, also, *Tilton* v. *Pennsylvania Railroad Co.*, 86 *Id.* 709; *Keeney* v. *Dela-*

ware, Lackawanna and Western Railroad Co., 87 Id. 505; Tonsellito v. New York Central and Hudson River Railroad Co., Id. 651; McCormack v. Williams, 88 Id. 170.

The judgment under review will be reversed, to the end that a venire de novo may be awarded.

For affirmance—None.

For reversal—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Bergen, Minturn, Kalisch, Black, Heppenheimer, Williams, Taylor, Gardner, JJ. 13.